## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| RALPH TRULL,<br><br>        Plaintiff,<br><br>v.<br><br>US FOODS, INC.,<br><br>        Defendant. | CIVIL ACTION NO. 1:20-cv-763<br><br>REMOVED FROM THE SUPERIOR COURT OF ROCKINGHAM COUNTY, STATE OF NEW HAMPSHIRE, CASE NO. 218-2020-CV-00564 |

### DEFENDANT'S NOTICE OF REMOVAL

Defendant US Foods, Inc. ("US Foods" or "Defendant"), by its attorneys and pursuant to 28 U.S.C. §§ 1331, 1332, 1441, and 1446, hereby files this Notice of Removal of the above titled action to this Court from the Rockingham County Superior Court. In support of this Notice of Removal, Defendant state as follows:

**I.     Background and Timeliness**

1.     On June 11, 2020, Plaintiff Ralph Trull ("Plaintiff") served a copy of the Complaint and the attached Summons on Defendant by hand delivery to Defendant's registered agent. Copies of the Summons, Plaintiff's Complaint, and all other process, pleadings, and orders served on Defendant are attached hereto as <u>Exhibit 1</u>.

2.     On May 4, 2020, Plaintiff filed his Complaint in the Rockingham County Superior Court, titled *Ralph Trull v. US Foods, Inc.*, Case No. 218-2020-cv-00564. In his Complaint, Plaintiff alleges that Defendant discriminated against him on the basis of his age in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 623, *et seq.* (Count I) and N.H. RSA 354-A, *et seq.* (Count II). Compl. ¶¶ 56-62. Plaintiff also alleges that

Defendant discriminated against him on the basis of an alleged disability in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12112(a-b), 12203 (Count III) and N.H. RSA 354-A:7, VII(a) (Count IV). Compl. ¶¶ 63-71. Finally, Plaintiff alleges that Defendant retaliated against him in violation of the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601, *et seq.* (Count V). Compl. ¶ 72-79.

3. This Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b) as it is being filed within thirty (30) days after Defendant's receipt of a copy of an initial pleading setting forth the claim or relief upon which this action is based.

4. Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

## II.   The Case is Removable Based on Federal Question Jurisdiction

5. A civil action filed in a state court for which the federal district court has original jurisdiction may be removed by a defendant. 28 U.S.C. § 1441(a). The federal district courts have original jurisdiction over civil actions arising under, inter alia, the laws of the United States. 28 U.S.C. § 1331.

6. Here, the Court has jurisdiction over Counts I, III, and V, as they allege claims under the ADEA, ADA, and FMLA, respectively. See Compl. ¶¶ 56-59, 63-66, 72-79. These claims arise under federal law and can therefore be removed pursuant to 28 U.S.C. § 1441(a).

7. This Court has supplemental jurisdiction over Plaintiff's state law claims asserted in the Complaint. Title 28 U.S.C. § 1367(a) provides, in pertinent part, that

> in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to the claims in the action

within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

8. Claims over which a federal district court has supplemental jurisdiction may be removed pursuant to 28 U.S.C. § 1441(a). Accordingly, this Court has supplemental jurisdiction over Plaintiff's state law claims (Counts II and IV) and they may be removed pursuant to 28 U.S.C. § 1441(a).

### III. The Case Is Also Removable Based on Diversity Jurisdiction

9. Pursuant to 28 U.S.C. § 1332(a), "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a).

10. In this case, the requirements of 28 U.S.C. § 1332(a) have been met because, as set forth below, there is complete diversity of citizenship among the parties and the amount in controversy exceeds $75,000.

#### A. The Parties Are Diverse

11. Section 1332 defines corporate citizenship as follows: "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business[.]" 28 U.S.C. § 1332(c).

12. A corporation's principal place of business is the place where the corporation's officers direct, control, and coordinate the corporation's activity, and, in practice, that place "should normally be the place where the corporation maintains its headquarters." *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010).

13. US Foods is now, and ever since this action commenced has been, incorporated under the laws of the State of Delaware. Moreover, US Foods principal place of business is

3

Illinois. US Foods' corporate headquarters are located in Rosemont, Illinois, where US Foods' high level officers direct, control, and coordinate US Foods' activities, its high level corporate officers maintain offices, and many of US Foods' corporate level functions are performed.

14. Therefore, for purposes of diversity of citizenship, US Foods is a citizen of Delaware and Illinois.

15. As stated in the Complaint, Plaintiff resides in Old Orchard Beach, Maine, and is therefore a citizen and resident of the State of Maine. Compl. ¶ 2.

16. Because Plaintiff and Defendant are citizens of different states, this case is "between citizens of different states." 28 U.S.C. § 1332(a), (c).

**B.     The Amount in Controversy Exceeds $75,000**

17. Federal diversity jurisdiction requires an amount-in-controversy threshold of at least $75,000. *See* 28 U.S.C. §1332(a).

18. It is well settled that in determining whether a complaint meets the amount in controversy threshold of 28 U.S.C. § 1332(a), a court should consider the aggregate value of a plaintiff's claims for damages. *See, e.g., Bell v. Preferred Life Assurance Soc'y*, 320 U.S. 238, 241 (1943) (amount in controversy requirement met if plaintiff "might recover," *inter alia*, award of actual and punitive damages in excess of amount in controversy requirement).

19. Plaintiff seeks "[l]ost wages, fringe benefits, loss of earning capacity and other benefits," in addition to "[r]easonable attorney fees, interest and costs" and "[e]nhanced compensatory damages, liquidated damages and double damages." Compl. at 10. Although Plaintiff does not specify the amount of his alleged economic damages, a modest calculation reveals alleged economic damages alone exceeding the amount in controversy threshold. Indeed, Plaintiff claims that his alleged employment ended on April 25, 2017. Defendant's records

reveal that, at the time of his termination on April 25, 2017, Plaintiff's base annual salary was over $70,000.  Thus, based on Plaintiff's earnings at the time of his termination, back pay alone through the filing of this Notice (a 3 year period) is well over $200,000, exclusive of interest. [1]  Coupled with the other relief Plaintiff seeks, including benefits, it is plain that Plaintiff purports to put more than $75,000 in controversy.

20. Because this action is between citizens of different states and the matter in controversy clearly exceeds the sum or value of $75,000, exclusive of interest and costs, this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332.  Accordingly, this action is removable to this Court pursuant to 28 U.S.C. § 1441(a).

### III. Venue And Notice

21. This action is pending in the Rockingham County Superior Court and, therefore, venue for purposes of removal is proper in this Court pursuant to 28 U.S.C. § 1441(a).

22. Promptly upon the filing of this Notice of Removal, Defendant shall file a Notice of Filing of Notice of Removal, with a copy of the Notice of Removal, with the Rockingham County Superior Court, and will serve a copy thereof on Plaintiff through his counsel, pursuant to 28 U.S.C. § 1446(d).

23. The undersigned has read this Notice of Removal, and to the best of the undersigned's knowledge, information, and belief, formed after reasonable inquiry, certifies that Defendant's factual allegations have evidentiary support, and its legal contentions are warranted by existing law.  The undersigned also certifies that this Notice of Removal is not interposed for

---

[1] To be clear, Defendant denies that Plaintiff is entitled to recover any damages.  Defendant provides the above information only for purposes of demonstrating that Plaintiff purports to put an amount in controversy that exceeds the jurisdictional threshold.

any improper purpose, such as to harass, cause unnecessary delay, or needless increase in the cost of litigation.

24. Defendant does not waive any rights or arguments regarding the validity or appropriateness of service by filing this notice of removal, and reserves all such rights.

## CONCLUSION

25. Based on the foregoing, this Court has original jurisdiction over this action based on both federal question jurisdiction and diversity of the parties under 28 U.S.C. §§ 1331 and 1332. Therefore, the Court properly may exercise jurisdiction over this lawsuit. 28 U.S.C. § 1441(a).

26. Pursuant to 28 U.S.C. § 1446(d), Defendant certifies that it has served a copy of this Notice on Plaintiff, and filed a copy of this Notice with the State of New Hampshire Rockingham County Superior Court. Defendant attaches a copy of the Notice filed with the Superior Court Clerk hereto as Exhibit 2.

WHEREFORE, Defendant requests that the above-described action pending against it be removed to this Court.

Dated: July 13, 2020                             Respectfully Submitted,

                                                 DEFENDANT US FOODS, INC.,

                                                 By its Attorneys,

                                                 /s/ *J. Patrick Kennedy*
                                                 J. Patrick Kennedy (NH Bar # 20271)
                                                 SEYFARTH SHAW LLP
                                                 World Trade Center East
                                                 Two Seaport Lane, Suite 300
                                                 Boston, MA 02210
                                                 Tel:  (617) 946-4800
                                                 Fax:  (617) 946-4801
                                                 pkennedy@seyfarth.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 13, 2020, a copy of the foregoing Notice of Removal was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing, as set forth below. A true copy of the foregoing was also served via first class mail upon Plaintiff's counsel, as follows:

> Ellen Purcell
> Purcell Law Office, PLLC
> One New Hampshire Ave, Ste. 125
> Portsmouth, New Hampshire 03901
> epurcell@purcelllawnh.com

> */s/ J. Patrick Kennedy*
> J. Patrick Kennedy