# Exhibit 1

# Exhibit 1

# Merrimack County Sheriff's Office

ROBERT P. KRIEGER
333 Daniel Webster Hwy
Boscawen, NH 03303
Phone: 603-796-6600

US FOODS, INC.
10 FERRY ST    313
CONCORD, NH 03301

AFFIDAVIT OF SERVICE

MERRIMACK, SS                                    6/11/20

I, DEPUTY GLENN E LARAMIE JR, on this date at 10:06 a.m./p.m., summoned the within named defendant US FOODS, INC. as within commanded, by leaving at the office of Registered Agent Corporation Service Company, 10 Ferry Street, Suite 313, Concord, said County and State of New Hampshire, its true and lawful agent for service of process under and by virtue of Chapter 293-A New Hampshire RSA, as amended, a true and attested copy of this Summons and Complaint.

FEES

    Service     $25.00
    Postage       1.00
    Travel       15.00
             _____
TOTAL           $41.00

DEPUTY GLENN E LARAMIE JR
Merrimack County Sheriff's Office

A True Copy Attest

Deputy Sheriff

# THE STATE OF NEW HAMPSHIRE
## JUDICIAL BRANCH
### SUPERIOR COURT

Rockingham Superior Court
Rockingham Cty Courthouse/PO Box 1258
Kingston NH  03848-1258

Telephone: 1-855-212-1234
TTY/TDD Relay: (800) 735-2964
http://www.courts.state.nh.us

## SUMMONS IN A CIVIL ACTION



Case Name:     **Ralph Trull v US Foods, Inc.**
Case Number:   **218-2020-CV-00564**

Date Complaint Filed: May 04, 2020

A Complaint has been filed against US Foods, Inc. in this Court. A copy of the Complaint is attached.

### The Court ORDERS that ON OR BEFORE:

| | |
|---|---|
| June 21, 2020 | Ralph Trull shall have this Summons and the attached Complaint served upon US Foods, Inc. by in hand or by leaving a copy at his/her abode, or by such other service as is allowed by law. |
| July 12, 2020 | Ralph Trull shall electronically file the return(s) of service with this Court. Failure to do so may result in this action being dismissed without further notice. |
| 30 days after Defendant is served | US Foods, Inc. must electronically file an Appearance and Answer or other responsive pleading form with this Court.  A copy of the Appearance and Answer or other responsive pleading must be sent electronically to the party/parties listed below. |

**Notice to US Foods, Inc.:** If you do not comply with these requirements you will be considered in default and the Court may issue orders that affect you without your input.

Send copies to:

| | |
|---|---|
| Ellen Purcell, ESQ | Purcell Law Office PLLC 1 New Hampshire Ave Ste 125 Portsmouth NH  03801 |
| US Foods, Inc. | 100 Ledge Road Seabrook NH  03874 |
| Human Rights, New Hampshire Commission | 2 Industrial Park Drive Concord NH  03301 |

BY ORDER OF THE COURT

May 07, 2020

Jennifer M. Haggar
Clerk of Court

(126921)

# THE STATE OF NEW HAMPSHIRE
## JUDICIAL BRANCH
### SUPERIOR COURT

Rockingham Superior Court
Rockingham Cty Courthouse/PO Box 1258
Kingston NH  03848-1258

Telephone: 1-855-212-1234
TTY/TDD Relay: (800) 735-2964
http://www.courts.state.nh.us

## NOTICE TO DEFENDANT

Case Name:       **Ralph Trull v US Foods, Inc.**
Case Number:   **218-2020-CV-00564**

You have been served with a Complaint which serves as notice that this legal action has been filed against you in the **Rockingham Superior Court.**  Review the Complaint to see the basis for the Plaintiff's claim.

Each Defendant is required to electronically file an Appearance and Answer 30 days after service. You may register and respond on any private or public computer.  For your convenience, there is also a computer available in the courthouse lobby.

If you are working with an attorney, they will guide you on the next steps.  If you are going to represent yourself in this action, go to the court's website: www.courts.state.nh.us, select the Electronic Services icon and then select the option for a self-represented party.

1. Complete the registration/log in process.  Click Register and follow the prompts.

2. After you register, click Start Now.  Select **Rockingham Superior Court** as the location.

3. Select "I am filing into an existing case".  Enter **218-2020-CV-00564** and click Next.

4. When you find the case, click on the link and follow the instructions on the screen.  On the "What would you like to file?" screen, select "File a Response to Civil Complaint".  Follow the instructions to complete your filing.

5. Review your Response before submitting it to the court.

**IMPORTANT:** After receiving your response and other filings the court will send notifications and court orders electronically to the email address you provide.

A person who is filing or defending against a Civil Complaint will want to be familiar with the Rules of the Superior Court, which are available on the court's website: www.courts.state.nh.us.

Once you have registered and responded to the summons, you can access documents electronically filed by going to https://odypa.nhecourt.us/portal and following the instructions in the User Guide.  In that process you will register, validate your email, request access and approval to view your case. After your information is validated by the court, you will be able to view case information and documents filed in your case.

If you have questions regarding this process, please contact the court at 1-855-212-1234.

NHJB-2678-Se (07/01/2018)

Filed
File Date: 5/4/2020 11:23 PM
Rockingham Superior Court
E-Filed Document

STATE OF NEW HAMPSHIRE

ROCKINGHAM, SS.                                                    SUPERIOR COURT

Ralph Trull
161 Saco Ave, Unit 214
Old Orchard Beach, ME 04064

v.

US Foods, Inc.
100 Ledge Road
Seabrook, NH 03874

Docket #: ___218-2020-CV-00564___

## COMPLAINT

NOW COMES Ralph Trull, plaintiff, by and through his attorney, Purcell Law Office,

PLLC, and complains against US Foods, Inc., saying as follows:

## INTRODUCTION

## PLAINTIFF REQUESTS A TRIAL BY JURY

1.      This is an action for all damages allowed by law caused by defendant's

discriminatory, retaliatory termination of plaintiff in violation of the statutory laws of the State of

New Hampshire, particularly for age and disability discrimination in violation of NH RSA 354-

A, the federal law against age and disability discrimination, the Age Discrimination in

Employment Act (ADEA), 29 U.S.C. § 621 *et seq.* and the Americans with Disabilities Act, 42

USC §12101, *et seq.,* as amended (ADAAA, collectively referred to as ADA), and in violation of

plaintiff's rights under the Family and Medical Leave Act of 1993 (FMLA), 29 U.S.C. §§ 2601

*et seq.*

1

## PARTIES

2.      Plaintiff Ralph Trull resides at 161 Saco Avenue, Unit 214, Old Orchard Beach, County of York, Maine.

3.      Plaintiff was sixty-three years old when the defendant terminated his employment on April 25, 2017.

4.      Defendant US Foods, Inc. (US Foods) is a corporation duly organized and existing under the laws of the state of Delaware.  Defendant is qualified to do business in New Hampshire.  Its registered agent in New Hampshire is Corporation Service Company, 10 Ferry Street, Suite 313, Concord, NH 03301.

5.      Defendant is responsible for the actions of its employees, under the theories of vicarious liability and/or *respondeat superior*.

6.      Defendant is believed to have at least 500 or more employees; and, therefore qualifies as a covered employer for purposes of the ADEA, ADA, and FMLA.

## JURISDICTION AND VENUE

7.      Jurisdiction and venue are proper as Mr. Trull worked for Defendant at its Seabrook, Rockingham County, New Hampshire location and the alleged acts giving rise to this complaint arose here.

8.      On or about October 17, 2017, Mr. Trull filed a timely Charge of Discrimination with the NH Commission for Human Rights, which was forwarded to the US Equal Employment Opportunity Commission ("EEOC") for filing, as Charge 16D-2018-00018. Mr. Trull requested and the EEOC issued a Dismissal and Notice of Rights on April 30, 2020.   This Complaint is filed within 90 days of receipt of the Dismissal and Notice of Rights.

2

## STATEMENT OF FACTS

9.      Mr. Trull began employment with US Foods as a transportation supervisor in August 2005.

10.      Mr. Trull was terminated on April 25, 2017.

11.      At all times throughout Mr. Trull's employment as transportation supervisor, he performed his job consistent with defendant's reasonable expectations.

12.      In January 2012 Mr. Trull was diagnosed with diabetes. In March 2013 Mr. Trull was diagnosed with obstructive sleep apnea. Mr. Trull suffered a heart attack in November 2013. In February 2014 Mr. Trull was diagnosed with chronic atrial fibrillation, and he was diagnosed with congestive heart failure in 2015 and 2016.

13.      Mr. Trull's diagnoses were at all times "a serious medical condition" as that term is defined under the Family Medical Leave Act and constituted disabilities under the ADA.

14.      At all relevant times, Mr. Trull was one of two transportation supervisors at the US Foods location where he was employed. The transportation supervisors reported to a single transportation manager.

15.      On or around April 2016 the transportation manager Wayne Johnson made a lateral transfer to warehouse manager.

16.      The Vice President of Operations, Wayne Evans, wanted Mr. Trull to apply for the open transportation manager position.

17.      After Mr. Trull applied, Mr. Evans let him know that he and an individual from another location that applied, Michael Rossignol, were under consideration for the job.

18.      On or about April 4, 2016 Mr. Trull emailed Mr. Evans and withdrew his application for the position.

3

19.    He indicated his willingness to fill in as needed until the position was filled, since he had covered the position in the past during Mr. Johnson's military deployments.

20.    Mr. Evans was disappointed and spoke to Mr. Trull in person, telling him he was the frontrunner for the position.

21.    Mr. Trull confided that he wasn't sure he could give the position all the time and attention he believed was needed because of his multiple medical diagnoses in prior years, medical conditions that US Foods, and Mr. Evan specifically, were aware of.

22.    Mr. Rossignol was hired as transportation manager in April 2016.

23.    On information and belief, Mr. Rossignol was under 40 years of age.  Mr. Trull was 62 years old at that time.

24.    Sometime after Mr. Rossignol was hired and became Mr. Trull's manager, Mr. Rossignol told Mr. Trull that his understanding of Department of Transportation (DOT) regulations was as antiquated or as obsolete as he was.

25.    On a regular basis, Mr. Trull had to either leave early or come in a bit later in order to have bloodwork done related to atrial fibrillation and the medicine he took to treat his condition.

26.    Mr. Rossignol, Mr. Evans, and the director of operations for the Seabrook facility at the time, Michael Marsh, were all aware of this.

27.    They told Mr. Trull that it was acceptable to do this.

28.    Mr. Trull asked Mr. Rossignol if he was entitled to this time under the Family Medical Leave Act (FMLA) and if he should be submitting medical notes and documenting the time with human resources, but Mr. Rossignol told him not to worry, that "things are different for management."

4

29.     Mr. Trull was surprised to hear that, as he had taken FMLA leave for serious health conditions in the past while employed at US Foods, but he deferred to Mr. Rossignol.

30.     Both Mr. Rossignol and Mr. Evans told Mr. Trull he did not need to worry about the time, nor did he need to report the reason and necessity for it, as long as there was coverage for him and he made the time up.

31.     In approximately November 2016 Mr. Trull was hospitalized for two weeks for congestive heart failure.

32.     US Foods did not provide Mr. Trull with the company's FMLA policy, nor did it provide him with statutorily required written notices of his eligibility, rights, and responsibilities under the FMLA.

33.     Mr. Trull provided a note from his doctor for his two week absence and releasing him to work.

34.     On December 15, 2016, around thirty days from his return to work for his serious health condition, Mr. Rossignol placed Mr. Trull on a 90-day performance improvement plan (PIP).

35.     One of the performance expectations Mr. Trull was purportedly not meeting was "Attendance failure to work a complete shift by leaving early or coming in late."

36.     Mr. Trull typically worked up to 70 hours a week, up to 14 hour shifts.

37.     The PIP provided that Mr. Trull and his manager would have weekly discussions, beginning December 20, 2016, to measure Mr. Trull's progress and if necessary, set new goals.

38.     At this time, Mr. Rossignol told Mr. Trull his employees would not come to him "because he could not remember anything," implying Mr. Trull's age and/or disability was incapacitating him so some degree.

5

39.     Mr. Rossignol did not have weekly discussions with Mr. Trull regarding his performance.

40.     Mr. Rossignol did not discuss the PIP with Mr. Trull until two months later, February 17, 2017.

41.     The documentation of this discussion notes some improvement, and indicates bi-weekly discussions between Mr. Trull and Mr. Rossignol will occur, starting February 24, 2027.

42.     Bi-weekly discussions did not begin February 24, 2007.

43.     Instead, on March 14, 2017, Mr. Rossignol extended Mr. Trull's PIP an additional 30 days, and indicated the bi-weekly discussions that had not occurred would somehow "continue."

44.     In March 2017 Mr. Trull was kept out of work for a week by his doctor related to a serious health condition.

45.     US Foods did not provide Mr. Trull with the company's FMLA policy, nor did it provide him with statutorily required written notices of his eligibility, rights, and responsibilities under the FMLA.

46.     Mr. Trull provided a note from his doctor for his one week absence and releasing him to work.

47.     On April 25, 2017 Mr. Trull was summoned to human resources where he met with Carolyn Colberg and Mr. Rossignol.

48.     Mr. Rossignol said that Mr. Trull was terminated effective immediately for falsifying a record over 30 days earlier, a charge Mr. Trull denied.

49.     Mr. Rossignol told Mr. Trull that the investigation was complete, and even if he did not discharge Mr. Trull for falsifying a record, he would terminate him for other, unspecified

6

reasons.

50.     Mr. Trull was not provided an opportunity to participate in the "completed" investigation of his alleged actions.

51.     Record falsification was a pretext for discharging Mr. Trull.

52.     Mr. Rossignol terminated Mr. Trull because of his age, so that he could be replaced with a younger person.

53.     Mr. Rossignol terminated Mr. Trull because he needed an accommodation of leave for his disability-based absences and needed to arrive late and leave early for routine testing.

54.     In willful and reckless disregard for his rights under the FMLA, US Foods retaliated against Mr. Trull by placing him on a PIP because he required disability related and FMLA protected absences and a schedule modification, and by terminating him for taking FMLA protected leave.

55.     The recitation of facts herein are by way of example only, and not all inclusive.

## COUNT I
## VIOLATION OF ADEA
### 29 USC §623(a)(1) *et seq.*

56.     Mr. Trull incorporates herein each and every allegation elsewhere in the Complaint as if fully set forth herein, and further states as follows:

57.     It is illegal under the ADEA for an employer "to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 USC §623(a)(1).

58.     US Foods violated Mr. Trull's right against discrimination based on age when it treated him as described, calling his understanding of the DOT rules as antiquated and obsolete

7

as he is, and terminating him on account of his age.

59.     Mr. Trull claims all damages as allowed by law, and all equitable relief to which
he may be entitled.

## COUNT II
## AGE DISCRIMINATION IN VIOLATION OF NH RSA 354-A *et seq.*

60.     Mr. Trull incorporates each and every allegation elsewhere in the Complaint as if
fully set forth herein, and further states as follows:

61.     US Foods violated Mr. Trull's right against discrimination based on age, contrary
to NH RSA 354-A *et seq.* when it treated him as described, calling his understanding of the
DOT rules as antiquated and obsolete as he is, and terminating him on account of his age.

62.     Mr. Trull claims all damages as allowed by law, and all equitable relief to which
he may be entitled.

## COUNT III
## DISABILITY DISCRIMINATION
## ADA/ADAAA, 42 U.S.C. §12112 (a-b); § 12203

63.     Mr. Trull incorporates herein each and every allegation elsewhere in the
Complaint as if fully set forth herein, and further states as follows:

64.     Mr. Trull is a person with a disability within the meaning of 42 U.S.C. § 12102.

65.     Mr. Trull requested an accommodation of his disability, the ability to adjust his
start and end times in order to have blood drawn and monitor his medical condition.
The defendant ostensibly granted Mr. Trull's request but later retaliated against him by placing
him on a PIP and eventually terminating him in violation of 42 U.S.C § 12203 and in violation of
42 U.S.C § 12112(a-b).

66.     Mr. Trull claims all damages as allowed by law, and all equitable relief to which
he may be entitled.

8

## COUNT VI
## DISABILITY DISCRIMINATION IN VIOLATION OF NH
### RSA 354-A:7, VII(a))

67.    Mr. Trull incorporates herein each and every allegation elsewhere in the Complaint as if fully set forth herein, and further states as follows:

68.    Mr. Trull notified his employer of his disability and that as a result of his disability he had to have flexibility in his scheduled start and end of his shift to attend blood draws.

69.    Mr. Trull requested a reasonable accommodation flexibility in scheduled start and end of his shift do receive medical monitoring.

70.     Defendant intentionally, with malice and reckless indifference, gave the permission to do so, but then retaliated by placing Mr. Trull on a PIP and eventually terminating him because he required flexibility and at times time off to attend medical appointments and hospitalizations.  Such actions constitute unlawful discrimination and had the effect of depriving Plaintiff of equal employment opportunities and otherwise adversely affecting her status as an employee.

71.    Mr. Trull claims all damages as allowed by law, and all equitable relief to which he may be entitled.

## COUNT V
## VIOLATION OF THE FAMILY AND MEDICAL LEAVE ACT (RETALIATION)

72.    Mr. Trull incorporates herein each and every allegation elsewhere in the Complaint as if fully set forth herein, and further states as follows:

73.    At the time he was terminated, Mr, Trull worked for US Foods for at least 12 months.

9

74.     He had worked at least 1,250 hours in the twelve months before his termination and before he was placed on a PIP.

75.     US Foods employed more than fifty employees at the location where Mr. Trull worked when he was employed.

76.     Mr. Trull provided notice to the defendant that he was suffering with a number of serious health conditions, that he was receiving continuing treatment, and that at times he needed time off to recover, and at others he needed a flexible start time so that he could have blood drawn and monitored.

77.     US Foods retaliated against Mr Trull for exercising his right to take protected leave by  imposing a performance improvement plan (PIP) on him shortly after  he returned from taking leave.

78.     The defendant retaliated against Mr. Trull by firing him for taking what should have been FMLA protected intermittent absences, and for taking what should have been FMLA leave when he was hospitalized.

79.     The defendant acted in willful and reckless disregard for Mr. Trull's rights under the FMLA

WHEREFORE, plaintiff prays that the Honorable Court and/or jury order the following:

A.     Back wages, together with lost fringe benefits, including increased retirement benefits, lost long term disability insurance, which plaintiff would have earned had he not been terminated;

B.     Future wages, fringe benefits, loss of earning capacity and other benefits;

C.     Reasonable attorney fees, interest and costs;

D.     Enhanced compensatory damages, liquidated damages and double damages;

10

E.    Liberal compensatory damages;

F.    Reinstatement;

G.    An amount to be awarded by the Court to make up for any adverse tax

consequences due to any judgment or award;

H.    All available pre-judgment and post-judgment interest;

I.    All equitable relief which may be available;

J.    All other damages as set forth herein and/or as allowed by law; and,

K.    Such other and further relief as may be deemed just and proper.


Respectfully submitted,

**RALPH TRULL, PLAINTIFF**
By His Attorney

DATED:  May 4, 2020          BY:    /s/ Ellen Purcell
Ellen Purcell, Esq.
Bar No.: 15880
Purcell Law Office, PLLC
One New Hampshire Ave., Ste. 125
Portsmouth, New Hampshire 03801
(603) 516-0333
epurcell@purcelllawnh.com

11